UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ELBERT WHITE | CIVIL ACTION NO. 07-917-P |
| VERSUS | JUDGE HICKS |
| WARDEN VENETIA T. MICHAEL | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Elbert White ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on May 29, 2007. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He names Warden Venetia T. Michael as respondent.

On May 18, 1994, Petitioner was convicted of one count of possession with intent to distribute a schedule II controlled dangerous substance in Louisiana's First Judicial District Court, Parish of Caddo. On June 3, 1994, he was adjudicated a third felony offender. On June 16, 1994, he was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.

In support of this petition, Petitioner alleges (1) his habitual offender adjudication is invalid and (2) the trial court failed to comply with La. C.Cr.P. art. 894.1.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

    4.    the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). However, where a state prisoner's federal habeas petition is based on claims that arose more than one year prior to the AEDPA's enactment, the AEDPA's one year limitation period bars the petition unless it was filed on or before April 24, 1997. See United States v. Flores, 135 F.3d 1000, 1002 n.7 & 1006 (5th Cir. 1998) (applying the 1-year limitation period of AEDPA to both petitions filed under Sections 2254 and 2255); Flanagan v. Johnson, 154 F.3d 196, 199-201 & n.2 (5th Cir. 1998). In effect, this gives a petitioner whose conviction became final on or before April 24, 1996 a one-year grace period after the enactment of the April 24, 1996 legislation to file a petition. Thus, no petition filed before April 24, 1997 will be time-barred under 28 U.S.C. § 2244(d).

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

In this case, Petitioner's conviction and sentence became final in 1995, prior to the enactment of the AEDPA. Petitioner was convicted on May 18, 1994, adjudicated a

habitual offender on June 3, 1994 and sentenced on June 16, 1994. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on August 23, 1995. State v. White, 27-188 (La. App. 2 Cir. 8/23/95), 660 So.2d 515, rehearing denied, (9/21/95). La. C.Cr.P. art. 922(D) provides that the judgment of the appellate court from which the writ of review is sought becomes final when the Supreme Court of Louisiana denies the writ application, if the application is timely filed. Supreme Court of Louisiana Rule 10, Section 5 provides that a petitioner has 30 days from the date of mailing of notice of judgment denying a rehearing within which to file an application for writ of review. The Louisiana Second Circuit Court of Appeal denied Petitioner's application for rehearing and mailed notice on September 21, 1995. Petitioner then filed his application for writ of review in the Supreme Court of Louisiana on December 28, 1995.[2] Thus, Petitioner's application for writ of review was untimely filed in the Supreme Court of Louisiana because it was filed more than 30 days after the Louisiana Second Circuit Court of Appeal mailed the notice that his application for rehearing was denied on September 21, 1995. Accordingly, his conviction and sentence became final on September 21, 1995, when the Louisiana Second Circuit Court of Appeal denied his application for rehearing. See. La. C.Cr.P. art. 922(C).

---

Since this application for writ of review was untimely filed in the Supreme Court of Louisiana, it does not toll the federal one-year limitation period because it is not "properly filed." See 28 U.S.C. § 2244(d)(2) and Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001).

It does not appear Petitioner filed any state post-conviction relief applications during the one-year period from April 24, 1996 through April 24, 1997. Thus, Petitioner's one-year period to file for federal habeas relief ended on April 24, 1997. The federal petition currently before the Court was received and filed in this Court on May 29, 2007, more than 10 years too late.

In addition, the numerous post-conviction proceedings initiated by Petitioner do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Petitioner filed a motion to correct illegal sentence in the trial court on September 9, 1997 and review of this motion continued until it was denied on March 4, 1999. Petitioner filed an application for post-conviction relief in the trial court on September 19, 1999 and review of this application continued until the Supreme Court of Louisiana denied his motion to reconsider on May 25, 2001. Petitioner filed a motion to correct illegal sentence on June 17, 2004 and review of this motion continued until the Supreme Court of Louisiana denied writs of review on August 19, 2005. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file his first motion to correct illegal sentence until September 9, 1997, after the limitation period had already expired on April 24, 1997.    For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 2nd day of October, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE